UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIN KARNO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7117** |
| **FORD MOTOR CREDIT ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a 12(b)(6) motion to dismiss for failure to state a claim filed by Defendant Experian Information Solutions, Inc. ("Experian"). R. Doc. 23. Plaintiff Robin Karno, acting *pro se*, opposes the motion. R. Doc. 48. Considering the briefing and applicable law, the Court now rules as follows.

### I. BACKGROUND

Plaintiff brought this action against Defendant Ford Motor Credit to challenge a lien placed on her vehicle and other various debt collector tactics.[1] R. Doc. 1 at 1-7. Plaintiff has also sued various credit reporting agencies, including Defendant Experian, for reporting on information related to this lien, which she alleges is inaccurate. *Id.* at 7-8. Plaintiff asserts that the reporting of this "negative" information violates "state consumer protection laws and Fair Credit Reporting laws of the State" and thus should be removed from the credit reports generated by each of these Defendants. *Id.* Furthermore, Plaintiff requests damages for any harm to her creditworthiness and other potential economic injuries caused by the purportedly inaccurate reporting. *Id.*

### II. PRESENT MOTION

Defendant Experian moves to dismiss Plaintiff's claims for failure to state a claim pursuant to

---

[1] The Court notes that the facts giving rise to Plaintiff's claims are not clearly stated in the Complaint. To the extent this summary misstates her position, the Plaintiff is instructed to address any such discrepancy in the Amended Complaint ordered by the Court below.

1

Federal Rule of Civil Procedure 12(b)(6). R. Doc. 23. Experian notes that Plaintiff's Complaint fails to identify any particular sections of the Federal Credit Reporting Act ("FCRA") or any other state/federal law that Experian allegedly violated. *Id.* at 3-4. Moreover, Experian avers that the Complaint lacks any facts that might support these alleged violations. *Id.* Experian thus argues that dismissal is warranted because Plaintiff's claims fail to meet the 12(b)(6) standards set forth in *Twombly* and *Iqbal*. *Id.*

In the alternative, Experian requests an order compelling Plaintiff to amend her Complaint to provide a more definitive statement of her claims pursuant to Federal Rule of Civil Procedure 12(e). *Id.* at 4-5. Experian contends that it cannot fully and adequately understand what Plaintiff's claims are or the factual bases for each of the claims without making assumptions about the allegations contained in the Complaint. *Id.*

Plaintiff opposes and has listed the specific provision of the FCRA that she alleges Experian violated. R. Doc. 48 at 3-4. First, Plaintiff states that Experian failed to conduct a reasonable investigation after receiving notice of a dispute regarding the accuracy of information contained in a consumer's credit report in violation of 15 U.S.C. § 1681i(a). *Id.* at 3-4. Second, Plaintiff states that Experian willfully or negligently failed to comply with its obligations under the FCRA in violation of 15 U.S.C. § 1681n and § 1681o. *Id.* at 4. Third, Plaintiff states that Experian's failure to correct these inaccuracies caused significant harm including increased interest rates, denial of credit opportunities, and loss of employment, which she claims are compensable under the FCRA. *Id.*

### III.    LAW AND ANALYSIS

Here, Plaintiff is proceeding *pro se*. Courts have a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014). Further, "a *pro se* plaintiff ordinarily should

be given 'every opportunity' to state a possible claim for relief." *Muthukumar v. Univ. of Tex. at Dallas*, No. 10-115, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (quoting *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998)). "Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend." *Id.* However, courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.*

The Court agrees with Experian that Plaintiff's Complaint is not sufficiently clear to state a claim. Plaintiff has failed to allege what specific provisions of law that Experian has violated and does not provide any particular facts that support such violations in her Complaint. R. Doc. 1 at 7-8. However, the Court will not dismiss the case on this basis. As outlined in her Opposition, the Plaintiff has identified provisions of the FCRA that she claims Experian violated. R. Doc. 48 at 3-4. Accordingly, the Court will give Plaintiff an opportunity to amend and incorporate these allegations in her Complaint. *See Muthukumar*, 2010 WL 5287530, at *2. The Plaintiff must also sufficiently state with particularity the facts that provide a basis for each of the alleged FCRA violations. If Plaintiff fails to adequately incorporate the specific provisions of the FCRA that Experian allegedly violated in an Amended Complaint, the Court will be forced to dismiss the entire action for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Experian's motion to dismiss is **DENIED** without prejudice. Plaintiff may file an Amended Complaint to: (1) address the specific provisions of the FCRA that she alleges Experian violated and (2) state with particularity the specific facts supporting the alleged violations.

3

New Orleans, Louisiana, this 22nd day of November, 2024.

                                                                United States District Judge

cc: Robin Karno
41133 River Road
Ponchatoula, LA 70454