UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBIN KARNO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7117** |
| **FORD MOTOR CREDIT ET AL** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is a renewed Motion to Dismiss for Failure to State a Claim and Want of Prosecution pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) filed by Defendant Experian Information Solutions, Inc. ("Experian"). R. Doc. 56. The motion is unopposed. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I. BACKGROUND

Plaintiff Robin Karno ("Plaintiff"), proceeding *pro se*, brought this action against Defendant Ford Motor Credit to challenge a lien placed on her vehicle. R. Doc. 1 at 1-7. Plaintiff has also sued various credit reporting agencies, including Defendant Experian, for reporting on information related to this lien, which she alleges is inaccurate. *Id.* at 7-8. On November 22, 2024, this Court ruled on Experian's initial 12(b)(6) motion, agreeing that Plaintiff's complaint is "not sufficiently clear to state a claim." R. Doc. 52. The Court, however, chose not to dismiss Plaintiff's claims outright and instead provided her an opportunity to amend her complaint in order to "incorporate the specific provisions of the FCRA that Experian allegedly violated" as well as the "specific facts supporting the alleged violations." *Id.* at 3. Otherwise, the Court noted that it would be "forced to dismiss the entire action for failure to state a claim." *Id.* As of this date, Plaintiff has made no attempt to file an amended complaint and comply with this Court's previous Order or challenge Experian's present motion to dismiss.

1

## II.  LAW & ANALYSIS

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Here, by choosing not to comply with the order to submit an amended complaint, Plaintiff has failed to prosecute her case diligently. *See Phillips v. Dir., TDCJ-CID*, No. 9:19-CV-198, 2022 WL 685028, at *1 (E.D. Tex. Jan. 27, 2022), *report and recommendation adopted*, No. 9:19-CV-198, 2022 WL 672693 (E.D. Tex. Mar. 7, 2022) (dismissing a *pro se* petitioner's case pursuant to Rule 41(b) for failing to file an amended complaint as ordered by the court). Furthermore, Plaintiff filed this lawsuit on November 29, 2023, and yet the case has not even proceeded past the motion to dismiss stage. R. Doc. 1. Accordingly, the Court finds that Plaintiff's claims against Experian should be dismissed with prejudice for want of prosecution pursuant to Rule 41(b). The Court will also dismiss Plaintiff's claims against Experian for failure to state a claim pursuant to Rule 12(b)(6) for the same reasons enumerated in its prior Order, given Plaintiff never corrected the deficiencies in her initial complaint. R. Doc. 52.

## III.  CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Experian's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) is **GRANTED**. Plaintiff's claims against Experian are **DISMISSED** with prejudice.

New Orleans, Louisiana, this 25th day of April, 2025.

_____
United States District Judge

cc: Robin Karno
41133 River Road
Ponchatoula, LA 70454